E-FILED

Tuesday, 01 December, 2009  04:26:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE LOCAL UNION 653 WELFARE TRUST FUND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-cv-1156 |
| D-MECHANICAL, INC., *an Illinois corporation*, | ) ) ) | |
| Defendant. | ) | |

## O P I N I O N   &   O R D E R

This matter is before the court on Plaintiffs' Motion for Default Judgment. (Doc. 13). Responses to this Motion were due on October 19, 2009; none were filed. For the reasons stated below, Plaintiffs' Motion for Default Judgment is granted. Also pending is Plaintiffs' Motion for Order Directing Defendant to Turn Over Monthly Fringe Benefits Contribution Reports for the period of January 2009 through July 2009. (Doc. 9). As these Reports have been submitted to Plaintiffs (Doc. 13 at 2), Plaintiff's Motion for Order is now moot.

### BACKGROUND[1]

Plaintiffs are the Trustees of the Local Union 653 Welfare Fund, which is an "employee welfare benefit fund," and "plan," under the Employee Retirement

---

[1]    Unless otherwise noted, this background information is drawn from Plaintiffs' Complaint (Doc. 1). Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a Complaint are taken as true. <u>Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983). FED. R. CIV. PRO. 8(b)(6). Default was entered in this matter on July 10, 2009. Therefore, the allegations of the Complaint are deemed to be true.

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), (3). Defendant, D-Mechanical, is an "employer" within the terms of ERISA, 29 U.S.C. § 1002(5). Defendant and the Local Union 653 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Local 653") entered into a collective bargaining agreement that obligated Defendant to make fringe benefit contributions to the Plaintiffs' Fund under an "Agreement and Declaration of Trust." Under this agreement, Defendant is obligated, *inter alia*, to submit to Plaintiffs by the 20th day after the end of each month a report stating how many hours were worked in that month by each person on whose behalf contributions are to be made to Plaintiffs, to make contributions on the date of reporting to Plaintiffs based on the number of hours worked by these persons, to pay interest on any untimely contributions at the rate of 1.5% per month, and to pay liquidated damages if contributions are unpaid or untimely paid. These liquidated damages are assessed in the amount of 2% plus $10 for each month's late or unpaid contributions. (Doc. 17 at 2).

On May 6, 2009, Plaintiffs filed a Complaint against Defendant under ERISA, 29 U.S.C §§ 1132 & 1145, charging that Defendant breached its obligations to the Fund because it "has failed and refused to submit all of its [fringe benefit contribution] reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs." (Doc. 1 at 3). Plaintiffs sought the delinquent fringe benefit contribution reports, the contributions due, liquidated damages, and interest.

Defendant was served with the Complaint and summons on May 22, 2009; it never answered the Complaint or otherwise appeared in the action. On July 10, 2009, Magistrate Judge Gorman granted Plaintiffs' Motion for Entry of Default, and default was entered as to Defendant on that date. Defendant has still failed to appear as of the date of this Opinion. Though the submission was untimely, Defendant did submit to Plaintiffs its required monthly contribution reports for September through December 2008, and for January 2009 through July 2009. (Doc. 17 at 2). In addition, Defendant paid its contributions for September through December 2008 on June 8, 2009.[2] (Doc. 2 at 2).

## ANALYSIS

Under ERISA, employers who are obligated under the terms of a plan or collectively bargained agreement to make contributions to the plan must "make such contributions in accordance with the terms and conditions of such a plan or agreement." 29 U.S.C. § 1145. Plaintiffs are entitled to bring suit to enforce this provision and the plan's terms under 29 U.S.C. § 1132. Defendant has failed to timely submit its fringe benefit reports to the Fund and to timely make its contributions in accordance with the terms of the Agreement and Declaration of Trust it entered into with Local 653. Therefore, Defendant is liable to Plaintiffs under 29 U.S.C. § 1145.

---

[2] Copies of Defendant's checks for these payments are attached to Sandra Hoggatt's affidavit as part of Exhibit B. (Doc. 17, Ex. B). These checks are dated February 19 and 20, 2009. However, Ms. Hoggatt's affidavit states that the checks were not submitted to Plaintiffs until June 8, 2009. (Doc. 17 at 2). The dates on the checks are not conclusive of the dates that they were submitted; Ms. Hoggatt's affidavit is a statement sworn under oath. Therefore, Ms. Hoggatt's statement will be used in determining the actual date of payment.

When a court finds in favor of a plan under 29 U.S.C. § 1145, it shall award the plan (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) the greater of either interest on the unpaid contributions or liquidated damages provided for by the plan, and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). Before awarding a default judgment that includes money damages, a court must be satisfied that the moving party has proven its damages. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007) (citing In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). Where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," default judgment may be entered without a hearing on damages. Id. (quoting Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)). Here, Plaintiffs have submitted affidavits and documentary evidence of the amount owed by Defendant. Therefore, a hearing is not needed, and the Court may determine the proper measure of damages on the basis of the record before it.

## A.    Unpaid contributions

Plaintiffs have submitted the affidavit of Sandra Hoggatt, the plan administrator, as well as the monthly contribution reports from Defendant for the periods of September through December 2008 and January through July 2009. (Doc. 17; Doc. 17, Exs. A & B). These documents show that, for the period of September through December 2008, Defendant has made its required fringe benefit contribution, though this payment, made in June 2009, was untimely. (Doc. 17 at 2). For the period of January through July 2009, though, Defendant owes $8,174.68

in contributions to the welfare fund, which it has not paid.  (Doc. 17 at 2; Doc. 17, Ex. A).  Therefore, Plaintiffs will be awarded $8,174.68 in unpaid contributions under 29 U.S.C. § 1132(g)(2)(A).

### B.    Interest

For the period of September through December 2008, Defendant owed $12,097.81 in contributions, which it paid in June of 2009.  (Doc. 17, Ex. B).  As a result of the untimely payment, interest accrued at the rate of 1.5% per month under the terms of the plan,[3] for a total of $1,145.49.  (Doc. 1 at 2; Doc. 17 at 3).  As noted above, Defendant's unpaid contributions total $8,174.68 for the period of January through July 2009.  Therefore, interest accrued on these unpaid contributions in the amount of $599.96.  (Doc. 15 at 3; Doc. 17 at 2).  Plaintiffs will be awarded a total of $1,745.45 in interest under 29 U.S.C. § 1132(g)(2)(B).

### C.    Liquidated damages/Double interest

Under 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to the greater of either the interest on the unpaid contributions (in addition to the award of interest under § 1132(g)(2)(B)) or liquidated damages as provided for under the plan.  Plaintiffs seek liquidated damages under the plan's terms.  (Doc. 15 at 3).  The plan provides for liquidated damages in the amount of 2% plus ten dollars for each month in which contributions were paid late or remain unpaid, which works out to $535.46.[4] (Doc. 15 at 3; Doc. 17 at 2).  However, 29 U.S.C. § 1132(g)(2)(C) states that the

---

[3]    ERISA provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan."  29 U.S.C. § 1132(g).

[4]    Liquidated damages were assessed for the period of September through December 2008 in the amount of $281.96, and for the period of January through June 2009 in the amount of $253.50.  (Doc. 17 at 2).

Court "shall" award the plan the greater of the two figures. A second award of the accrued interest, $1,745.45, is greater than the plan's liquidated damages of $535.46. Therefore, though Plaintiffs request the smaller liquidated damages award, the Court will award Plaintiffs the statutorily-directed double interest in the amount of $1,745.45.

### D. Attorney's fees and costs

In a suit for delinquent contributions, reasonable attorney's fees and costs are to be awarded to a prevailing plan trustee under 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' attorney, Catherine Chapman, submitted an affidavit in which she asserted that she and her associates spent four and one-quarter hours on this matter, "including…preparation of a motion for entry of default and for an order compelling Defendant to turn over reports, and preparing and filing of the instant Motion for Entry of Judgment, including Affidavits and a Memorandum in support thereof." (Doc. 16 at 2).

For ERISA litigation, Plaintiffs' counsel's firm charges $140.00 to $180.00 per hour for associates' work and $210.00 to $290.00 per hour for partners' work. (Doc. 16 at 3). Plaintiffs seek an award of $501.25 in attorney's fees. (Doc. 15 at 4). This award would work out to an average rate of $117.94 for the four and one-quarter hours spent. Considering the attorneys' usual rate and the results obtained, the Court finds that this is a reasonable hourly rate, and that the time spent on this matter by Plaintiffs' counsel was reasonable. See Anderson v. AB Painting and Sandblasting Inc., 578 F.3d 542, 544-46 (7th Cir. 2009) (In awarding fees under § 1132(g(2)(D), court's review is limited to determining whether amount of time spent

was reasonable.); <u>Gusman v. Unisys Corp.</u>, 986 F.2d 1146, 1151 (7th Cir. 1993) ("the best measure of the cost of an attorney's time is what that attorney could earn from paying clients").  Plaintiffs' costs in this action included $350.00 for the court filing fee, and $30.00 to serve Defendant with the summons and Complaint; these are recoverable costs.  (Doc. 16 at 2).  Therefore, Plaintiffs will be awarded $881.25 in attorney's fees and costs.  In addition, Plaintiffs are entitled to recover the attorney's fees and costs incurred in collecting on this judgment.

## CONCLUSION

As Defendant has failed to plead, defend, or otherwise appear in this action, Plaintiffs' Motion for Default Judgment (Doc. 13) is GRANTED.  Under 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to $8,174.68 in unpaid contributions, $1,745.45 in interest, $1,745.45 in double interest, and $881.25 in attorney's fees and costs, as well as the attorney's fees and costs incurred in collecting on this judgment.  In addition, Plaintiff's Motion for Order (Doc. 9) is DENIED AS MOOT.

IT IS THEREFORE ORDERED that default judgment be entered in favor of Plaintiffs, Trustees of the Local Union 653 Welfare Trust Fund, and against Defendant, D-Mechanical, Inc., in the amount of $12,546.83.  Plaintiffs are entitled to post-judgment interest on this amount under 28 U.S.C. § 1961.

CASE TERMINATED.

Entered this <u>1st</u> day of December, 2009.

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge